Nicholson, C. J.,
delivered the opinion of the court.
In 3 Heis., 594, this case (except that John D. Dolan was not a party to it) will be found reported, setting forth the facts upon which it was held that the conflicting claims of the complainant, Joseph Reynolds, together with those of his own family, to whom he had made a voluntary conveyance, on the one hand, and Dolan on the other, to a valuable tract of land, or the proceeds of its sale, were properly adjusted by a compromise.
The land was estimated to be worth from $50,000 to $60,000, and Dolan in that compromise agreed to take $10,000, which complainant, Joseph Reynolds, and the beneficiaries in the deed, agreed should be paid *733 to bim out of the proceeds of the sale of the land, with interest thereon from Nov. 7, 1859, a lien being retained to secure said payment.
Complainant, Joseph Reynolds, was sole heir at law of Dolan’s wife, Elizabeth Dolan, who had died shortly before the compromise, having, under a marriage settlement empowering her to do so, contracted to sell the land.
This contract of sale, if consummated, would have given 'the whole of the estate to Dolan.
After the death of his sister, Dolan’s wife, complainant, Joseph Reynolds, assuming that he was entitled to the land, had conveyed it in trust for the benefit of his own family, reserving a life estate to himslf. These beneficiaries are co-complainants with him" in this bill, or co-defendants with Dolan.
To carry out the compromise, and raise a fund to pay Dolan, the complainants filed this bill to sell a portion of the land, and to procure the chancery court’s approval of the compromise, some of the beneficiaries in complainant Joseph’s voluntary conveyance being minors.
This approval was given, making all the parties in interest parties to the compromise, and binding them by its terms.
Dolan was not made a party to this bill until May, 1873.
In the meantime, land was sold to a considerable amount, and large sums came into the hands of the former clerk and master of the chancery court, who was formally appointed by the decree of the court *734 trustee and commissioner, the trustees named in the deed not- acting.
Reports were made from time to time, and decrees pronounced, recognizing the right of Dolan to the $10,000 and interest, as a primary charge upon the land, but making large disbursements to the beneficiaries, and for fees to counsel, and other charges.
In June, 1868, the clerk and master having reported upon the condition of the case, that the property had depreciated considerably during the war, the Chancellor directed that two thousand dollars of the interest accrued on Dolan’s claim should be deducted as his equitable share of the loss, and added that thenceforward all the parties to the compromise should be bound thereby, — declaring that the $10,000 and interest from Nov. 7, 1859, less $2,000 interest ordered to be deducted, should be paid to Dolan.
At the August term, 1871, a decree was entered reciting that the late clerk and master had, by his defalcation, occasioned the loss of a portion of the fund, and directing the then clerk and master to take proof and report upon whom the loss should fall, and to apportion the loss amongst the parties, except Do-lan, whose right to full payment was declared to be unquestionable.
The report was made by the clerk and. master, charging the loss to the beneficiaries in the trust deed, and exonerating Dolan therefrom, stating that he was entitled to payment in full less the $2,000.
Exceptions to the report were filed by the beneficiaries in the trust deed on the 30th of April, 1.873, *735 because it did not charge Dolan with the loss of the fund, between $3,000 and $4,000, occasioned by the defalcation of the late clerk and master.
On the 28th of May, 1873, Dolan filed his petition, and prayed to be allowed to become a party defendant, which was granted; and, thereupon, he filed exceptions to the report, for deducting the $2,000 of interest. from his claim, and claimed his $10,000 and interest as a prior charge, before any other disbursements were made, — excepting to the payments theretofore made to the beneficiaries and others.
On the same day upon which Dolan was made a party, a final decree was entered, sustaining the exceptions of the beneficiaries, and charging Dolan with the loss of the fund from the defalcation of the late clerk and master, trustee and commissioner, and disallowing Dolan’s exceptions; and after deducting $3,-524.50, the amount of the defalcation, from the amount due him, Dolan is declared to be entitled to a lien on the land, or notes given therefor, for the balance due him.
For the complainants it is insisted that a sufficient quantity of land had already been sold to pay the claim of Dolan, and that if the trustee raised money sufficient to pay debts and legacies and failed to pay it over, the creditors and legatees must pursue their remedies against the trustee.
The distinction between the cases relied on and this, is that here, not only the trustee, but also the beneficiaries in the trust deed, are bound to pay Do-lan’s debt. They were all parties to the compromise, *736 and bound by its terms to procure the sale of land to pay Dolan in full. They filed their bill for this purpose, and procured the sale of the land to be made, and the fund to be brought into court under orders and decrees of their own procurement, while Dolan was no party to the case, and could exercise-no control over it, and could get the money only as it was paid out to him by orders in the case, in which the maker of the trust deed and the beneficiaries were the controlling if not the only parties.
They bound themselves by their agreement, not simply to have the land sold and then to let Dolan get the proceeds as best he could, but to have it sold, or a sufficiency thereof, to pay Dolan the full sum of $10,000 and the interest thereon, and to pay this amount to him, giving him a lien upon the whole tract for the payment of this sum.
The benefit of the release by Dolan of his claim enured to all, ;u. i all are bound to pay him the consideration agreed to be given for that release.
We are of opinion that the Chancellor’s decree sustaining the exceptions of the beneficiaries, and overruling Dolan’s exception to the deduction of the two thousand dollars of accrued interest on his claim, was erroneous, and it will be reversed, and a decree entered here in conformity with this opinion.
The complainants will pay the costs of this court.